IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD L. SYDNOR,<br>  Plaintiff,<br><br>v.<br><br>MARK A. ROBBINS, Vice Chairman, et al.,<br>UNITED STATES MERIT SYSTEMS PROTECTION<br>BOARD ("BOARD"), in their official member<br>capacity, as well as their predecessors, successors<br>or assigns,<br>  Defendants. | CIVIL ACTION NO.<br>18-CV-2631 |

## DEFENDANTS' MOTION TO DISMISS

Defendants Mark A. Robbins, in his official capacity as Vice Chairman and Acting Chairman of the United States Merit Systems Protection Board ("MSPB"); other unnamed members of the MSPB in their official capacity; and the MSPB; by and through their attorneys, William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and Stacey L. B. Smith, Assistant United States Attorney for the same district, hereby move to dismiss the Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The bases for this motion are set forth in the attached memorandum of law.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney

/s/Susan Becker for
GREGORY B. DAVID
Chief, Civil Division
Assistant United States Attorney

_____
STACEY L.B. SMITH
Assistant United States Attorney


Of Counsel:
JEFFREY GAUGER
Attorney
Office of the General Counsel
Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419
(202) 254-4488

Dated: September 14, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD L. SYDNOR,<br>　　　Plaintiff,<br><br>　　　v.<br><br>MARK A. ROBBINS, Vice Chairman, et al.,<br>UNITED STATES MERIT SYSTEMS PROTECTION<br>BOARD ("BOARD"), in their official member<br>capacity, as well as their predecessors, successors<br>or assigns,<br>　　　Defendants. | CIVIL ACTION NO.<br>18-CV-2631 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Plaintiff, Reginald L. Sydnor, a former federal employee, brings this action seeking equitable relief and a declaratory judgment against defendants Mark A. Robbins, in his official capacity as Vice Chairman and Acting Chairman of the United States Merit Systems Protection Board ("MSPB"); other unnamed members of the MSPB in their official capacity; and the MSPB. The MSPB is an adjudicatory agency in the Executive Branch of the federal government created by the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 1101, et seq. Plaintiff asserts causes of action under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*; the Mandamus Act, 28 U.S.C. § 1361; and the Fifth Amendment to the Constitution, stemming from his January 1998 termination—more than 20 years ago—as an administrative law judge ("ALJ") for the Social Security Administration ("SSA"); and his debarment from federal service for three years thereafter.

Defendants respectfully request that the Court dismiss this case (1) as untimely, and (2) as barred by the doctrines of *res judicata* and collateral estoppel.[1]

## I.     BACKGROUND

This action is yet another of many attempts by Mr. Sydnor to challenge his 1998 employment termination and debarment. Mr. Sydnor has challenged these actions, and the procedures by which they were carried out, in several administrative and federal court forums over the past 20 years since 1998—including before the Merit Systems Protection Board; the United States District Court for the District of Maryland; the Court of Appeals for the Fourth Circuit; the United States Supreme; this Court; the Court of Appeals for the Third Circuit; and the Court of Appeals for the Federal Circuit.

---

[1] Plaintiff's complaint against the MSPB board members in this action in their official capacities, and against the MSPB, is effectively an action against the United States. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 826 (1976); *Kentucky v. Graham*, 473 U.S. 159, 163-64 (1985); *Hafer v. Melo*, 502 U.S. 21, 27 (1991). To the extent plaintiff seeks money damages, his claims are barred by sovereign immunity.
   It is well settled that the United States has sovereign immunity except where it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Sovereign immunity extends to government agencies and employees sued in their official capacities. *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir.1996). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell*, 445 U.S. at 538.
   Plaintiff asserts causes of action pursuant to the APA in Counts I and II. The APA's limited waiver of sovereign immunity to challenge final agency action covers only suits "seeking relief other than money damages." 5 U.S.C. § 702; *see also Jaffee v. United States*, 592 F.2d 712, 719 (3d Cir. 1979).
   In Counts III, IV, and V of the Complaint, plaintiff alleges that his rights under the Fifth Amendment to the United States Constitution have been violated. Congress has never waived sovereign immunity for constitutional tort claims seeking money damages against the United States, its agencies, or employees sued in their official capacity. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Graham*, 473 U.S. at 166–68; see also *Campbell v. Soc. Sec. Admin.*, Civ. A. No. 09-453 (E.D. Pa., Mar. 8, 2010) (unreported) (dismissing plaintiff's due process claim against the Social Security Administration, in the context of a FOIA complaint), aff'd 446 Fed. Appx. 477 (3d Cir. 2011).

The relevant factual background is summarized from the Complaint and from decisions issued as a result of his prior litigation.[2]

### a. Plaintiff's federal employment is terminated and he is debarred.

In 1997, plaintiff began a trial employment period as an ALJ for the SSA. *Sydnor v. OPM*, 2007 WL 172339, *1 (E.D. Pa. Jan. 23, 2007). Pursuant to regulations governing ALJ appointments, plaintiff's employment was subject to a suitability investigation conducted by the United States Office of Personnel Management ("OPM"). *Id.* On January 13, 1998, after completing a background investigation of plaintiff, OPM determined that plaintiff was unsuitable for federal employment, directed the SSA to remove him from the position of ALJ, and debarred him from federal service for three years. *Id*; *see also Sydnor v. OPM*, 2007 WL 2029300, *5 (E.D.Pa. July 11, 2007). Specifically, OPM found that plaintiff had intentionally falsified information in his ALJ application and related forms. *Sydnor v. OPM*, 2008 WL 1990808, *2 (E.D.Pa. May 7, 2008).

### b. Plaintiff appeals his termination and debarment to the MSPB.

Pursuant to the review process applicable to his claims, set forth under the Civil Service Reform Act, 5 U.S.C. § 1101 *et* seq, plaintiff appealed OPM's suitability determination before the MSPB on February 11, 1998. *Sydnor v. OPM*, 1998 WL 1982028 (MSPB, June 11, 1998). The SSA then placed him on indefinite suspension while his suitability appeal was pending. *Sydnor v. OPM*, 2007 WL 172339, *1.

---

[2] Defendants have attached copies of the prior court decisions as Exhibit 1.

The MSPB dismissed plaintiff's appeal of OPM's suitability determination on June 11, 1998. *Sydnor v. OPM*, 2007 WL 2029300, *5. In its decision, the MSPB addressed and rejected the same argument plaintiff raises 20 years later in this case—that as an ALJ he was entitled to the procedural protections afforded by 5 U.S.C. § 7521. *Id.*

Plaintiff also separately appealed the SSA's indefinite suspension before the MSPB. *Id.* The MSPB dismissed this appeal for lack of jurisdiction on June 3, 1998. *Id.*

Plaintiff appealed both decisions to the full board of the MSPB. On December 30, 1998, the Board denied plaintiff's administrative petitions for review of the June 3, 1998 and June 11, 1998 initial decisions, and both decisions became final on that date. *Sydnor v. Office of Pers. Mgmt.*, 81 M.S.P.R. 656 (1998), 1998 WL 974917 (Table).

### c. Plaintiff appealed his termination and debarment in the Fourth Circuit.

Mr. Sydnor sought review of the MSPB's final adjudication in the District Court for the District of Maryland. In that action, Mr. Sydnor alleged that the actions taken by SSA were racially discriminatory, that OPM violated the Rehabilitation Act, and that there were procedural defects in the MSPB's decision. *Sydnor v. Lachance, et al.*, No. Civ. A. 99-cv-228 (D. Md. Oct. 26, 1999) (Doc. 21). The district court granted summary judgment in favor of the government. *Id.* Mr. Sydnor appealed to the Court of Appeals for the Fourth Circuit, which affirmed the district court's holding. *Sydnor v. Lachance*, 210 F.3d 362 (4th Cir. 2000). He then petitioned for certiorari to the Supreme Court, which denied his petition on November 27, 2000. *Sydnor v. Lachance*,

531 U.S. 1014 (2000). At this point, Mr. Sydnor had exhausted all of the remedies and avenues for appeal available to him under the CSRA.

### d. Plaintiff challenges his termination and debarment in this Court in 2006.

In January 2006, Mr. Sydnor improperly sued OPM once again, in this Court, despite the fact that he had exhausted all available avenues for appeal under the CSRA. *Sydnor v. OPM*, No. Civ. A. 06-cv-14 (E.D.Pa. 2006) (Pratter, J.) By way of several amended complaints, which were disposed of over the course of three court orders, Mr. Sydnor challenged his 1998 termination and debarment as in violation of the Privacy Act, 5 U.S.C. § 552a, and the APA. *Sydnor v. OPM,* No. Civ. A. 06-cv-14 (E.D. Pa. Jan. 23, 2007; July 11, 2007; and May 7, 2008). The Court granted OPM's motions for summary judgment on the bases that Mr. Sydnor was precluded from bringing his claims under the APA because he had exhausted his adequate remedies (his administrative and federal court challenges pursuant to the CSRA), and because his complaint was untimely. *Sydnor v. OPM*, 2007 WL 2029300, *6. The Court further noted that several of Mr. Sydnor's claims were barred by the doctrine of *res judicata*. *Id.* * 6, n.6. Mr. Sydnor appealed to the Court of Appeals for the Third Circuit, which affirmed this Court's judgment. *Sydnor v. OPM.*, 336 Fed. Appx. 175 (3d Cir. 2009).

### e. Plaintiff challenges his termination and debarment in the Federal Circuit.

In 2009, Mr. Sydnor filed an Equal Employment Opportunity ("EEO") complaint with the SSA alleging that the agency discriminated and retaliated against him when it improperly removed him as an ALJ, resulting in his premature retirement. *Sydnor v. SSA*, MSPB Docket No. CB-7521-10-0003-T-1, *7 (April 26, 2010). After the SSA

issued a final agency decision dismissing the complaint for untimeliness and failure to state a claim, Mr. Sydnor appealed to the MSPB in October 2009. *Id.* On April 26, 2010, the ALJ assigned to Mr. Sydnor's MSPB case dismissed the appeal for lack of jurisdiction and as precluded by the doctrine of *res judicata*. *Id.* Mr. Sydnor appealed to the three-member MSPB, arguing that *res judicata* did not operate to bar his claims because they had not previously been brought against the SSA. *Sydnor v. SSA*, MSPB Docket No. CB-7521-10-0003-T-1, *7 (March 7, 2011). The MSPB found Mr. Sydnor's claims were nonetheless barred for lack of jurisdiction, and by the doctrine of collateral estoppel. *Id.* Mr. Sydnor appealed to the Court of Appeals for the Federal Circuit, which summarily affirmed the MSPB's decision. *Sydnor v. MSPB*, 466 Fed. Appx. 907 (Fed. Cir. 2012).

Plaintiff now challenges his termination and debarment in this Court yet again, six years after the Federal Circuit's decision.

## II.   STANDARD OF REVIEW

a.  Motion to Dismiss for Failure to State a Claim, Fed. R. Civ. P. 12(b)(6).

Fed. R. Civ. P. 12(b)(6) requires that the complaint "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility" standard requires the reviewing court to accept as true all factual allegations in the complaint and to draw all reasonable inferences in plaintiff's favor, although the reviewing court need not do so as to any legal conclusions or conclusory statements. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 1999); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997) (a court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss).

When deciding a motion to dismiss, the Court may consider, without converting the matter to a motion for summary judgment, the allegations on the face of the complaint, taken as true; any documents referenced in the complaint; matters of public record such as court records; and undisputedly authentic documents which the plaintiff has identified as a basis of his claims and the defendant has attached as exhibits to the motion to dismiss. *Turicentro, S.A. v. Am. Airlines Inc.*, 303 F.3d 293, 300 (3d Cir. 2002); *Medici v. Pocono Mountain Sch. Dist.*, 2010 WL 1006917, at *2 (M.D. Pa. Mar. 16, 2010); *see generally*, *Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

### III.   ARGUMENT

#### a. Plaintiff's claims are time-barred.

Plaintiff sues the MSPB board members in this action in their official capacities; therefore, this is effectively an action against the United States. *See Brown v. General Servs. Admin.*, 425 U.S. 820, 826 (1976). Congress provided that, except in circumstances not applicable here, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401. As this Court has already determined, any claims Mr. Sydnor wished to bring must have been brought within six-years of the final adverse agency action from which his claims stem—the MSPB's 1998 determinations regarding his termination and debarment. *Sydnor v. OPM*, 2007 WL 2029300, *6. Therefore, his claims under the APA, the Fifth Amendment, and for Mandamus relief, are long time-barred. *See also Minehan v. U.S. Office of Special Counsel*, 587 F. Supp. 2d 132, 132-33 (D.D.C. 2008); *Mittleman v. U.S.*, 997 F. Supp 1, 14 (D.D.C. 1998).

7

### b. The doctrines of *res judicata* and collateral estoppel bar plaintiff from relitigating these matters.

Even if his claims were not time-barred, they would be precluded by the related doctrines of *res judicata* and collateral estoppel. These doctrines are designed to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate" and to protect "their adversaries from the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance of judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

Mr. Sydnor has had several full and fair opportunities to challenge his termination and debarment. He has essentially been relitigating the same issues repeatedly since 1998, and is attempting to do so yet again. Under *res judicata*—or claim preclusion—a final judgment on the merits precludes the parties from relitigating claims that were *or could have been raised* in that action. *Montana*, 440 U.S. at 149; *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Brown v. Felson*, 442 U.S. 127, 131 (1979). Thus, the doctrine of *res judicata* bars a subsequent action under a different legal theory if that theory could have been raised in the prior action. *Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 319-20 (1927).

Plaintiff received final judgment on the merits of his APA claims in the Maryland federal court litigation, and his Mandamus and Fifth Amendment claims could have been raised then. When this Court held that Mr. Sydnor's claims were barred by *res judicata*, it explained:

> The claim-preclusive aspect of *res judicata* requires a showing by the defendants that there has been: (1) a final judgment on the merits; (2) a prior suit involving the same parties or their privies; and (3) a subsequent suit based on the same cause of action. (citations omitted). In this case, all three of those requirements are met. The Maryland district court granted summary judgment in favor of the OPM defendants and

8

> against Mr. Sydnor on his claims arising out of OPM's unsuitability removal and debarment determinations. The defendants in Mr. Sydnor's prior action in the Maryland federal court included Janice LaChance, the previous director of OPM. Counts Five and Six of Mr. Sydnor's Amended Complaint challenge the same administrative agency action that he challenged by exhausting his administrative remedies and his options in federal court as described above. Although the legal theories Mr. Sydnor advanced in federal court in Maryland are not expressed in identical terms to those he advances here, it is clear that the causes of action are the same and, at a minimum, could have been included in his earlier complaint in the Maryland litigation. Mr. Sydnor is precluded from raising those claims now.

*Sydnor v. OPM*, 2007 WL 2029300, *6,n.6.

Even though the MSPB was not named as a defendant in Mr. Sydnor's previous action, the doctrine of *res judicata* applies to bar his claims here, since the United States was ultimately the defendant. Nonetheless, the related doctrine of collateral estoppel also warrants dismissal of the complaint.

Under collateral estoppel—or issue preclusion—once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits—even if based on a different cause of action—involving a party to the prior litigation. *Montana*, 440 U.S. at 153.

The doctrine of collateral estoppel applies when (1) the issue of fact between a previous and subsequent lawsuit are in substance the same, even though the cause of action is not identical, and (2) the party against whom the defense is invoked is identical to or in privity to the party in the first action. *See Charter Oak Fire Ins. Co. v. Sumitomo Marine and Fire Ins. Co., Ltd.,* 750 F2d 267, 273-74 (3d Cir. 1984); *See also Montana*, 440 U.S. at 153, 55. Courts assess four factors when applying collateral estoppel in this Circuit: Whether (1) the identical issue was previously adjudicated, (2) the issue was actually litigated in the prior action, (3) the previous determination on the

9

issue in the prior action was necessary to the decision, and (4) the party being precluded from relitigating was fully represented in the prior action. *Raytech Corp. v. White*, 54 F.3d 187, 190 (3d. Cir. 1990).

Although only some of the causes of action may be identical, the issues of fact raised in the instant action are in substance identical to the issues previously raised by Mr. Sydnor. Ultimately, Mr. Sydnor has already litigated his claims that the agencies involved in his removal (the SSA, OPM, and the MSPB), (1) allegedly failed to follow several APA procedures, particularly those set forth in 5 U.S.C. 7521, and (2) discriminated against him based on his race. His decision to couch his claims here under different legal theories—such as a Fifth Amendment violation, or a request for Mandamus relief—is of no import since each of his legal actions ultimately challenges the termination of his employment and his debarment from federal service. *Montana*, 440 U.S. at 153, 155.

The issues surrounding his termination and debarment were actually litigated, and necessary to the decisions entered in each of the administrative and federal court forums outlined above. Thus, the first three factors for collateral estoppel are satisfied. With respect to the fourth factor, Mr. Sydnor, who is an attorney, has been "fully represented" in the prior actions because he has had a full and fair chance to litigate the issues in question. Indeed, in several of his actions, Mr. Sydnor was represented by counsel. Accordingly, he is collaterally estopped from relitigating his termination and debarment yet again before this Court.

10

## IV. CONCLUSION

Regardless of how he wishes to characterize his legal challenges to his employment termination and debarment, any challenge is now long time-barred by the six-year limitations period. Further, the issues in this case are the same as those previously litigated and decided by courts of competent jurisdiction. Therefore, the defendants respectfully move this Court to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

WILLIAM M. MCSWAIN
United States Attorney


/s/Susan Becker for
GREGORY B. DAVID
Chief, Civil Division
Assistant United States Attorney


STACEY L.B. SMITH
Assistant United States Attorney


Of Counsel:
JEFFREY GAUGER
Attorney
Office of the General Counsel
Merit Systems Protection Board
1615 M Street, NW
Washington, DC 20419
(202) 254-4488

Dated: September 14, 2018